UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRACHA MANDELBAUM,<br><br>                  Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>                  Defendant. | Case No.: 18cv613-LAB (KSC)<br><br>**ORDER DENYING MOTION FOR ATTORNEY'S FEES** |

      Defendant Wells Fargo Bank, N.A., with the consent of the two other Defendants, removed this case from state court on March 26, 2018. The notice of removal relied on both federal question and diversity jurisdiction.

      Wells Fargo then filed a motion to dismiss, in which Defendant Barrett, Daffin, Frappier, Treder & Weiss, LLP ("Barrett") joined. Plaintiff Bracha Mandelbaum then moved *ex parte* to remand, and Wells Fargo filed an opposition. Mandelbaum's motion included a request for attorney's fees and costs for improper removal, under 28 U.S.C. §1447(c). The Court, carrying out its own obligation to confirm its own jurisdiction, issued an order to show cause holding that federal jurisdiction was lacking, and requiring Wells Fargo to establish diversity jurisdiction. Wells Fargo then filed a notice of non-opposition to remand, and the

Court remanded the case. The order of remand did not specifically address the request for fees and costs.

Mandelbaum then filed a renewed motion for costs and attorney's fees, for improper removal. (Docket no. 17.) Wells Fargo filed an opposition, in which Barrett joined.

The other Defendant is Breckenridge Property Fund 2016, LLC, which was initially included as a Doe defendant. (*See* Docket no. 1 at 8:27–28.) The complaint was amended on March 14, 2018, while the case was in state court, however, to include Breckenridge as a named Defendant. (*See* Docket no. 1-2 at 70.) This was apparently done because on March 9, Breckenridge purchased the property at issue here at a foreclosure sale. After remand, Breckenridge was dismissed when Mandelbaum on June 20 filed an amended complaint omitting it as a party.

**Motion for Fees**

Mandelbaum's motion primarily relies on 28 U.S.C. § 1447(c) as a basis for awarding fees and costs. It cites 28 U.S.C. § 1927 as an alternate basis for the award. It sought an award against Wells Fargo, Barrett, and Breckenridge, but has since withdrawn the request as to Breckenridge.

**28 U.S.C. § 1447(c)**

In general, the Court may award fees under § 1447(c) only where the removing party "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Although this statute mentions that a fee award may be included in the order of remand, the Court has jurisdiction to award fees on motion even after remand. *Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443, 445 (9th Cir. 1992). Even assuming the requirements are met, an award of fees falls within the Court's broad discretion; the non-removing party has no right or entitlement to an award. *Martin*, 546 U.S. at 137; *Balacorta v. Twentieth-Century Fox Film Corp.*, 208 F.3d 1102, 1106 n.6 (9th Cir. 2000). Fees and costs awarded under § 1447(c) are limited to expenses

incurred "as a result of the removal," not a party's later actions. *Baddie v. Berkeley Farms*, 64 F.3d 487, 490 (9th Cir. 1995). Actions following removal can, of course, shed light on the reasons for removal, but they cannot themselves warrant a fee award.

Although Mandelbaum seeks an award against Barrett, the motion does not cite any authority explaining whether a party is subject to a fee award under § 1447(c) merely for consenting to removal. Assuming, *arguendo*, that it can be, nothing in the record suggests Barrett acted unreasonably here merely by consenting to removal. Barrett's role in the removal was fairly minor, and the notice of removal identifies it as a sham Defendant. Nothing in the record provides any reasonable basis for charging it with Wells Fargo's errors.

For reasons set forth in the Court's order to show cause (Docket no. 12), federal question jurisdiction was lacking from the start, and Wells Fargo should have realized this. That said, the error is a common one, and even district courts, attempting to harmonize *Rains* with more recent precedent such as *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005), sometimes misapply the standard. *See, e.g., Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 675 (9th Cir. 2012) (reversing district court's determination that state law cause of action turned on interpretation of federal law). Even though Wells Fargo erred, its error was not flagrant.

Diversity, however, was a thornier issue. The parties' citizenship was the main point of controversy. It is undisputed that Wells Fargo and Mandelbaum are diverse. Barrett and Mandelbaum are not diverse, but the notice of removal argued Barrett was a sham defendant. This issue was never fully developed, and Mandelbaum's motion does not argue Wells Fargo lacked an objectively

1 reasonable basis for believing Barrett was a sham defendant.[1] Instead, the motion focuses on Breckenridge's citizenship.

As a limited liability company, Breckenridge takes on the citizenship of all its owners/members, for purposes of ordinary federal diversity jurisdiction. *Johnson v. Columbia Props. Achorage, LP*, 437 F.3d 894, 899 (9th Cir. 1990). Wells Fargo was aware of this at the time of removal, and even cited this principle. Having done so, however, Wells Fargo then ignored it, and claimed that Breckenridge's sole member, Neighborhood Stabilization Holding, I, LLC, was a citizen of Delaware because it was organized under Delaware law. This was, at the very least, careless. Wells Fargo should have confirmed the citizenship of Neighborhood as well, before removing.

The exhibits do not clearly show whether Wells Fargo knew that Neighborhood was not diverse at the time of removal. A declaration by counsel Andrew Wheaton shows that he consulted with Breckenridge's counsel, Elaine Yang, and that as a result he concluded Neighborhood—and therefore Breckenridge—was not a California citizen. (*See* Wheaton Decl., ¶¶ 4–5 (Docket no. 18 at 16–17).) Following removal, Mandelbaum's counsel contacted Wells Fargo's counsel to argue that diversity was lacking, and on April 3, contacted Elaine Yang. Some time after removal, Wells Fargo learned that some of Neighborhood's owners were California citizens. (*See* Docket no. 7 (Notice of Errata to Notice of Removal).) Around April 10, Mandelbaum's counsel also confirmed this, notified Wells Fargo's counsel, and asked Wells Fargo to stipulate to remand. (*See* Docket no. 17-1 at 17 (attorney billing entry for April 10).)

---

[1] Mandelbaum develops this argument in her reply brief. Because it was not sufficiently raised in the opening brief, however, the Court deems it waived. *See Mesa Grande Band of Mission Indians v. Salazar*, 657 F. sup. 2d 1169, 1173 (S.D. Cal., 2009).

At the time of removal, Wells Fargo *may* have lacked an objectively reasonable basis for believing it was diverse from Breckenridge, but it is hard to be sure. Wells Fargo made some effort to investigate Breckenridge's citizenship, but apparently either misunderstood or was given wrong information. Whether that effort was reasonable under the circumstances is open to question.

One fact in Wells Fargo's favor is that the circumstances suggest it was acting on the basis of limited information. *See Carolina Cas. Ins. Co. v. Team Equipment, Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014) (recognizing that pleading requirements may appropriately be relaxed when the party attempting to invoke diversity jurisdiction lacks actual knowledge of parties' citizenship). Breckenridge was substituted in as a named Defendant after the case was filed, which limited Wells Fargo's time to investigate its citizenship. Also, Neighborhood was not a party, but rather the owner of the newly-added Breckenridge. Breckenridge was Yang's client, and the record does not make clear how much she knew about Neighborhood's ownership. She may have been quite familiar with it, or she might have relied on some other unidentified source.

That being said, Wells Fargo knew its information was limited or perhaps unreliable, and ought to have either investigated further or waited. Its notice of removal also glossed over Breckenridge's citizenship, which suggests it hoped the possible jurisdictional defect would go unnoticed.

Another fact in Wells Fargo's favor is that Breckenridge's role in the case was not completely clear. The claims arise from an allegedly unlawful foreclosure sale, at which Breckenridge was the buyer. Because the complaint was deemed amended rather than actually amended to make specific factual allegations against Breckenridge, Breckenridge's role in the claims was never clearly alleged. It may be that Breckenridge was the prospective or actual title holder, and was named so that complete relief could be afforded. But it is also possible that Breckenridge might have been a nominal party. *See Navarro Sav. Ass'n v. Lee*, 446 U.S. 458,

462 (federal courts must disregard nominal or formal parties when evaluating ordinary diversity jurisdiction). The fact that Breckenridge was dropped from the complaint shortly after remand lends some credence to this possibility. And on this record, it cannot be ruled out.

Another fact is that the only evidence of the citizenship of Neighborhood's owners, and therefore of Breckenridge, are conclusory statements in the briefing after removal. No party has identified how many owners there are, who they are, or why some of them are believed to be California citizens, and it is possible the parties themselves don't know. Mandelbaum's briefing points to Wells Fargo's refusal to meet and confer on this issue, but there is no showing that Mandelbaum knew any more than Wells Fargo about the ownership of Neighborhood. Ordinarily the Court will accept the parties' allegations about a natural person's citizenship. But here, the newer conclusions about Neighborhood's citizenship are based on uncertain information, and could be wrong.

The mere possibility of diversity jurisdiction, of course, does not warrant removal. There is a "strong presumption against removal jurisdiction," *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992), and a party should not remove a case without objectively reasonable grounds for believing that removal is proper. But at the same time, the Court is less inclined to award fees where a removing defendant merely failed to prove the presence of jurisdiction, than where it is clear jurisdiction was absent.

At the time it filed its notice of removal, Wells Fargo should have realized that jurisdiction was doubtful. Its removal was at the very least careless. That being said, there is evidence its counsel took some steps to investigate diversity jurisdiction, even if the information turned out to be wrong. The Court is reluctant to award fees and costs without some evidence that Wells Fargo knew or suspected its belief about Breckenridge's citizenship was wrong before removal. Furthermore, diversity jurisdiction might possibly have been proper here, even

though Wells Fargo failed to establish it. The Court recognizes that it could award fees and costs under § 1447(c), but in its discretion is not inclined to do so.

**28 U.S.C. § 1927**

An award of fees or costs based on Wells Fargo's behavior after removal is governed by § 1927 which requires, among other things, a finding of subjective bad faith. *In re Keegan Mgt. Co., Securities Litig.*, 78 F.3d 431, 436 (9th Cir. 1996). Bad faith, in this context, means either knowingly or recklessly raising a frivolous argument, or arguing a claim for purposes of harassment. *Id.* (citing *Estate of Blas v. Winkler*, 792 F.2d 858, 860 (9th Cir. 1986); further citations omitted).

Wells Fargo's assertion of federal question jurisdiction was wrong from the start. The Court stops short of calling it frivolous here, however. Wells Fargo argued that Mandelbaum's claim to set aside the foreclosure sale was in fact based on federal law, because the alternative state law theory was too insubstantial. (*See* Docket no. 10 at 5:12–28.) This was a losing position, but at the same time not frivolous. Furthermore, it is evident Wells Fargo's counsel was confusing federal theories with federal claims. This is a common error and, depending on the clarity of the pleadings, can be excusable. *See, e.g., Tanner v. Kaiser*, 2015 WL 6081771, at *4 (N.D. Cal., Oct. 15, 2015) (citing *Rains v. Criterion Sys., Inc.*, 80 F.3d 339 (9th Cir. 1996)) (pointing out plaintiff's conflation of theories with claims). This was clearly an error but, in this case, not a frivolous one.

Its continued assertion of diversity jurisdiction *after* learning that Breckenridge was probably not diverse, however, was negligent and probably reckless. At least as early as April 16, 2018, when it filed its notice of errata acknowledging that some of Neighborhood's owners were California citizens, Wells Fargo should have realized its assertion of diversity jurisdiction was on very shaky ground. By continuing to assert that Breckenridge was diverse, Wells Fargo exposed itself to sanctions. (*See* Docket no. 10 at 4:17–19 (asserting that Breckenridge was diverse because Neighborhood was a Delaware LLC, and

ignoring Neighborhood's citizenship).) Wells Fargo may not have realized the gravity of its error, however, because it still erroneously believed federal question jurisdiction was present. (*Id.* at 4:21–6:5.)

Mandelbaum's briefing makes some cogent arguments in favor of a finding that Wells Fargo acted in bad faith, in order to impose needless costs and burdens. Wells Fargo's tactics can certainly be called aggressive, though in the Court's view they do not amount to bad faith or malice. The Court also recognizes that Wells Fargo abandoned its position and consented to remand as soon as the Court's order to show cause explained why federal question jurisdiction was lacking. A party acting in bad faith might have been expected to press on at that point.

Because the Court finds no bad faith, an award of fees is unavailable under § 1927. *See Keegan*, 78 F.3d at 436.

**Conclusion and Order**

Mandelbaum withdrew its request for an award against Breckenridge. Even if it had not, both Breckenridge's and Barrett's involvement in removal and in litigation after removal were so minor as not to merit an award of fees and costs against them.

The Court in its discretion **DENIES** Mandelbaum's request for an award of fees and costs under § 1447(c). And because the standard for an award of fees and costs under § 1927 is not met, that request is **DENIED** as well. The motion as a whole (Docket no. 17) is **DENIED**.

**IT IS SO ORDERED**.

Dated: January 11, 2019

*Larry A. Burns*
Hon. Larry Alan Burns
United States District Judge